IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ABBY ROBINSON ET.AL**                                                                 **PLAINTIFF**

**VS.**                    **CIVIL ACTION:**              3:21-cv-195-HTW-LGI

**RIVERHILLS BANK**                                                                      **DEFENDANTS**
**JOHN DOE 1-5**
**AND JOHN DOE COMPANY 1-5**

_____

**COMPLAINT**
**(Jury Demanded)**
_____

**COMES NOW,** Abby Robinson et.al, by and through counsel, and files complaint against RiverHills Bank, et.al.

As such Plaintiff will show that on or around March 12, 2021 Defendant RiverHills Bank treated Plaintiff so severely wrong due to Plaintiffs race and sex, and RiverHills Bank also violated possibly violated Plaintiff's U.S. 14th U.S. Constitutional Rights, Bad Fatih including in dealing with Plaintiff, violated Plaintiffs Truth in Lending law rights, Racketeering by a Bank, violated Plaintiffs rights as held under the Federal reserve Board, Federal depositors. Also, Plaintiff brings his state law claims with this suit under U.S.C. 28 U.S.C. 1367 Supplemental jurisdiction including the claim of vicarious liability with their serving company, malicious prosecution of a frivolous lawsuit,

negligent hiring, negligent supervising, intentional infliction of emotional distress, shock, fright, humiliation, embarrassment, fraud, misrepresentation and fraudulent concealment.

**(1)** **JURISDICTION AND VENUE**

(2) Plaintiff's lawsuit is brought under 28 U.S.C. 1331 Federal Question, and Supplemental Jurisdiction 28 U.S.C. 1367 and Venue is applicable to this suit under 28 U.S.C. 1391(d)

2. Venue is proper pursuant to 28 U.S.C. Section 1391.

**(3)** **PARTIES TO THE COMPLAINT**

1. Plaintiff, Abby Robinson and Ricky Robinson are residents of Madison County Mississippi.

2. Defendant RiverHills Bank is a banking corporation doing business in Madison County, Mississippi.

3. **STATEMENT OF FACTS**

4. On or about March 3, 2021 Plaintiff RiverHills Bank(herinafter"Defendant") filed a complaint against Defendants in the County Court of Madison County Mississippi, for unlawful Entry and Detainer of the homestead filed personal home of Defendants located at 100 Bridgewater Crossing Ridgeland, Mississippi. Plaintiffs complaint is attached hereto as **exhibit A**.

5. As set forth in the numbered paragraphs of Defendant's complaint was an eviction and foreclosure to Plaintiff the Robinson's immediate eviction and **"VACATE,"** Plaintiffs homestead house located at 100 Bridgewater Crossing Ridgeland,

Mississippi 39157 during the Federal Moratorium Mandate to Stay foreclosures and evictions during the COVID 19 Pandemic.

6. It follows that on March 12, 2021 Defendant, RiverHills Bank negligently or deliberately, served Plaintiffs, although faultily for personal service M.R.C.P.4 personal service, through a person named Lewis A. Watts of LAW Investigative Group, a number of [4 times] and such service was done with reckless behavior as stated below.

7. In fact, Mr. Watts, all while acting under the disguise of a "Law Enforcement Officer," unnecessarily served the pretentious complaint with a warrant attached, not a summons to a person in the driveway of the property located at 100 Bridgewater Crossing around 9:00 a.m[1] through a person located in the driveway of the said property and whom was over the age of 16 years old.  Then  Defendant, RiverHills Bank through their agent Mr. Watt's chased Ricky Robinson at accelerated speed, chased Defendant through West Jackson, Mississippi flashing dash board law enforcement lights, and "WIG-WAG" lights in the front of his SUV.  At issue with this chase is that Ricky Robinson a retired assistant police chief of Jackson Police Department, is very familiar with the crime with person[s] impersonating an officer, feared for his life and pulled off the highway at Lynch Street into the parking lot of the Bowling Alley, whereby Defendant's agent followed the more causing Defendant/

---

[1] That person took the complaint with a smile and even thanked Mr. Watts for the delivery of the same.

Counter Plaintiff to get out of his vehicle with his hand position on his authorized weapon because he thought RiverHills Bank representative was attempting to take his life.

8. Moreover, prior to being chased through Jackson, Mississippi and followed to the bowling alley at Lynch Street in Jackson, Mississippi, Defendant had NEVER seen Lewis Watts before nor knew of any reason why RiverHills Bank representative would be acting as a licensed police or law enforcement officer forcing Plaintiff to pull over, especially since as it would be, to serve a "F.R.C.P. 4 Personal Service of which the same Lewis Watts had already served to a person over the age of 16 years old at the 100 Bridgewater Crossing address.

9. Additionally, the injury continued even further when the same agent for RiverHills Bank, Lewis Watts then went back to the address of 100 Bridgewater Crossing and walked into the garage of Ricky Robinson while he was moving furniture inter alia and startled Robinson and said that he wanted to give Robinson another copy of the document of which he just forced and chased him off the road in Jackson at the bowling alley.  At that point a heated argument pursued on the property so much so that Robinson stated for Lewis  to leave immediately or he will call the police. However, Lewis stated to Robinson that he knew he was a chief of police but wanted Abby Robinson, at that point Robinson contacted the undersigned whom told RiverHills agent, Lewis Watts that he was violating the personal service rules as well as impersonating an officer so to keep RiverHills in some sort of posture, he was

welcome to bring the [3rd] execution of the same personal service to the undersigned's office whereby RiverHills Bank agent, Lewis Watts brought and served the same document now [4 times] to Abby Robinson personally at her office at 227 E. Pearl Street Jackson, MS 39201.  There is a video of a person whom said he was not Lewis but work for RiverHills Bank and wanted to Serve the undersigned.  That person would not present his last name but said his name was Blake. The entire occurrence is on video, the first person served at the house has the tag number and vehicle in photo of the bad actor impersonating as a police officer, and Ricky Robinson has video and photos of being pulled over by what he thought was the police, but merely a security company acting as the police.  Each of these occurrences are time and date stamped for evidence.

10.

11. Next, on and around February 5, 2021 RiverHills Bank instituted a foreclosure against the subject home and demanded that the Robinson's vacate the homestead property within [7] days of the letter attached hereto as **exhibit C**.  As noted above Defendant/Counter Plaintiffs avers that they had a legal right to possession of the said property according to law and that RiverHills acted in bad faith with intimidation methods *inter alia*.  As such, Plaintiffs Complaint against RiverHills Bank for Bad faith and violating their protected Federal rights to be free from a federally insured bank's intentional and under the disguise of authority to evict and foreclose the Robinson pre-maturely as shown in the exhibits is actionable.

12. Furthermore, RiverHills Bank deliberately did not file a summons with their frivolous complaint, but even executed a way back in the day "Warrant," for the appearance of the Robinson in an effort to humiliate the undersigned before a Madison County County Court(please see exhibit A, the complaint filed by RiverHills Bank whereby no summons was attached and the Madison County Court requested that Abby and Ricky Robinson "SHOW CAUSE about vacating the said property)[2] and for no other legal reason, especially since there was ongoing conversation about the Plaintiff's vacating the property by the federal mandatory date of March 30, 2021.

13. Again, Plaintiffs attaches the foul documents filed by barred Mississippi Lawyers to its complaint a document titled, "WARRANT." please see **exhibit A.**

14.  AS a result of RiverHills Bank negligent conduct, the Robinson's assert that RiverHills Bank has violated *inter alia* the Robinson's United States Fair Housing Department and the U.S. Department of HUD's moratorium of ceasing ***ANY evictions and foreclosures*** until such date of after March 30, 2021 as ascribed in the COVID-19 Cares Act, and other relief by the U.S. government, 14th United States Constitutional rights as prescribed under the guidance of the Federal FDIC office of comptroller, Federal and State  Banking laws,the National Banking Act, Bank

---

[2] Please note that the Madison County County Court judge signed for the Robinson's to appear before the Court to show cause on MARCH 30, 2021 at 1:00p.m.  The Robinson's assertion here is that even the Court knew that the Mandate was in force by the Federal Government and no eviction could be granted by the court until such time.

Holding Company Act, which generally prevents anti-competitive banking practices by prohibiting banks from offering loans upon the condition of the borrower also buying other services. See 12 U.S.C. §§ 1971–1978. *Truist Bank v. Nephserv, LLC,* No. 4:20-CV-00760-P (N.D. Tex. Jan. 13, 2021) , Federal 1972 claims relating to bad faith banking as ascribed by the 5th Circuit when it held, "Moreover, several other Fifth Circuit opinions, plus many opinions from other circuits, cite the same elements as K3C Inc, *K3C Inc.,* 204 F. App'x at 465 See e.g., *Gulf States Land & Dev., Inc. v. Premier Bank, N.A.,* 956 F.2d 502, 506–07 (5th Cir. 1992) (stating that an unusual banking practice is an element of a § 1972 claim). *Truist Bank v. Nephserv, LLC,* No. 4:20-CV-00760-P (N.D. Tex. Jan. 13, 2021).

15. Plaintiff assert that their homestead makes the loan that is attached to the subject property relievable under the Fair Housing Act, and that it was RiverHills whom decided to place Plaintiff's homestead home under the disguise of an in-house loan that they now say is not covered under any fair housing laws, but where RiverHills Bank was the benefactor of placing the homestead loan where they saw fit.[3]

16. Plaintiff contends that as a result of RiverHills Bank bad conduct, they likely have violated several federal regulations including but not limited to the Federal Truth in Lending Laws, Federal Deposits Insurance Corporation, Federal Reserve Board, and the Federal Department of Financial Institutions banking while ignoring the fact that

---

[3] The Robinson's merely applied for a mortgage and had no say so as to what type of mortgage loan would be provided by RiverHills, as such it was RiverHills Bank whom disguised the home loan for whatever purpose and such purpose benefitted RiverHills Bank.

Plaintiffs home was their personal homestead home thereby afford the same privileges of the Federal and state banking codes.

17. Moreover, Plaintiff asserts that RiverHills Bank fraudulent concealed requested documents from Plaintiffs when after requesting a copy of the required foreclosure documents or some document showing where RiverHills has repossessed the property. Upon information and Belief, Plaintiff contends that they were denied the documents due to their race and Plaintiff Abby Robinson sex. Moreover upon information and belief, Plaintiff was treated differently by RiverHills bank than other males and Caucasian customers of RiverHills Bank. As a result, Plaintiff believes that such cruel indifferent treatment by Defendant is the result of not Plaintiff's filed bankruptcy[4] rather Defendants to exercise wrong conduct as it related to the power of the bank.

## CAUSE OF ACTION

Plaintiffs' re-alleges and incorporates each and every paragraph as stated above in their counter lawsuit.

RiverHills Bank et.al are liable to Plaintiffs for violating Plaintiffs U.S. 14th Constitutional Rights of Due Process, committed Bad Fatih including in dealing with Plaintiff, protected consumer Truth in Lending law rights, Racketeering by a Bank, protected Federal reserve Board laws, Federal depositors laws and regulations. State

---

[4] Plaintiff contends that the subject property was filed in a chapter 7 and that vacating the property by March 30, 2021 was in place, but that RiverHills bank, acting as mobsters decided to force Plaintiffs out with discrimination and violation of federal claims as stated above.

claims of negligent hiring, negligent supervising, intentional infliction of emotional distress, shock, fright, humiliation, embarrassment, malicious proceeding of a legal document, interference with business, misrepresentation, fraudulent concealment.

Plaintiff contend that during all times of Plaintiff's injury, Defendants had actual and constructive knowledge of the Federal Mandate on ceasing ***any*** foreclosures and evictions.

As a result of Defendants' negligent conduct as shown in the above paragraphs Plaintiffs contend that RiverHills Bank and its agents are liable for the Robinson's severe physical and mental hurt and injury, *inter alia.* Due to the frivolous lawsuit, and the harm as shown above as well as the medical documentation that will be shown during discovery, Plaintiffs vehemently avers that RiverHills mobster way of performing Banking Business by forcing the Robinson's out of the said property during the Mandatory Moratorium was negligent, callous, and wanting and must be dealt with according to law, and the over all handling of Plaintiffs rights to enjoy the same benefits of their other customers whom bank with RiverHills for their homestead mortgage.

. Additionally, as result of Defendant River Hills Bank possible illegal negligence, misrepresentation, creation and maintenance of a malicious legal proceeding, fraudulent concealment of documents as ascribed in law, Plaintiffs has suffers severe fear and shock, depression, anxiety, physical and mental pain,, gross emotional distress, consortium, uncontrollable nervousness, heart racing, and night sweats, nausea, severe headaches, and disturbance in peace.

## DAMAGES

18. Plaintiff repeats and re-alleges all the above paragraphs in support thereof his corner complaint.

As a consequence of the foraging Plaintiffs' have suffered severe crucial physical pain and emotional distress, inter alia as described in the previous paragraphs.

## PRAYER FOR RELIEF

**19**. Plaintiffs repeats and re-alleges all the foregoing paragraphs.

20. Plaintiff request that the Court issue the following relief:

A. Award Plaintiffs' attorney fees plus cost and interest including expenses of litigating, and jury trial.

B. Award Plaintiffs' actual damages, compensatory damages, Punitive damages, consequential damages, property damages, all medical damages present and future, discretionary damages and excess damages.

C. Any and other relief deemed proper by this Court.

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs respectfully prays that upon hearing of this matter by a jury, that a judgment against all Defendants in an amount equal to the jurisdictional requirements of this Court, altogether with the costs and

disbursement action, including attorneys fees, plus interest and any other relief which this honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED MARCH 17, 2021**

By Plaintiffs':
 /s/Abby Robinson (MBN. 105157)
**ABBY ROBINSON & ASSOCIATES LAW FIRM PLLC.**
**227 E. Pearl Street**
**JACKSON, MS 39201**
**PH. 601-321-9343**
**FAX. 601-487-6326**
**EMAIL: arobinsonlawfirm@yahoo.com**
**EMAIL: abby@askabbylaw.com**

**Robert Shuler Smith**
**The Cochran Firm**
**1253 Valley Street**
**JACKSON, MS 39203**
**601-790-7600**
**Email: rssmith@cochranfirm.com**
**Defendants/Counter Plaintiffs  attorney**

## CERTIFICATE OF SERVICE

I, the undersigned attorney hereby certifies that they have filed the foregoing document with the district clerk of the court and such notice will be sent to all parties involved.

**Respectfully, filed this the 17th day of March, 2021**.

**Robert Shuler Smith**
**The Cochran Firm**
**1253 Valley Street**
**JACKSON, MS 39203**
**601-790-7600**

**Email: rssmith@cochranfirm.com**
 **attorney for Defendants**

**/s/Abby Robinson (MBN. 105157)**
**Abby Robinson & Associates Law Firm PLLC.**
**227 E. Pearl Street**
**Jackson, MS 39201**
**attorney for Defendants**